[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S POST-VERDICT MOTIONS
The defendant was convicted by a jury of the crime of murder in violation of Section 53a-54a of the General Statutes. He now files three post-verdict motions, as follows:
1) Motion for a New Trial
2) Motion for Judgment of Acquittal
3) Motion for Arrest of Judgment
1) MOTION FOR A NEW TRIAL
It should be noted at the outset that the defendant's co-defendant, Jose Colon, had already been convicted of this murder by a jury prior to the defendant's conviction.
In this motion, the defendant first claims this court "committed reversible error": refusing to admit hearsay
statements allegedly of the convicted co-defendant, Jose Colon, as to Colon's intentions and state of mind shortly after the murder. This claim, besides being patent hearsay, is also irrelevant to the issues in the defendant's case.
The defendant next claims that the court "committed reversible error" in refusing to admit hearsay statements allegedly of the convicted co-defendant, Jose Colon, that were claimed to be against the penal interest of the convicted Jose Colon. The circumstances of these alleged statements do not even initially meet the requirements for the "against penal interest" exception to the hearsay rule. Further, in the main, the statements sought to be admitted were double hearsay. In the latter regard, the defendant did not call the victim's father or sister to the stand when it was their alleged statements, allegedly filtered through the convicted co-defendant, that he wished third parties to testify to. CT Page 426
The defendant misunderstands the nature of this trial. This was not a trial to determine whether he or Jose Colon murdered the victim. Rather, it was a trial to determine if he was criminally responsible for participating in the murder of the victim. The defendant overlooks the reality that the state not only did not dispute the fact that Jose Colon attacked the victim with a sword with intent to kill, but it further offered evidence that such was the case! Two separate juries have now confirmed that both defendants aided in causing the death of the victim.
The latter claim is part and parcel of the defendant's next claim of reversible error regarding the court's refusing to charge on the relationship between third party culprit evidence and proof beyond a reasonable doubt. The court's previous analysis applies here as well.
The defendant's next claim is that the court again "committed reversible error" in refusing to give an instruction regarding the drawing of "inferences from negative evidence and disbelieving witnesses." While the latter seems somewhat hazy, the court believes that it was asked to instruct the jury that if they chose not to believe the defendant's testimony, that is, they found he was lying, that they should not draw negative inferences to supply evidence in other areas. This charge is unnecessary in this case. The court's charge in its entirety would allow no such occurrence. The defendant again misunderstands the case. The defendant testified, and his written statement in evidence verified, that he slashed and cut the victim in the neck with his knife. Apparently, the jury believed him and found that that was evidence of his aiding in the murder of the victim. The court is hard pressed to find anything that the defendants testified to that was not believed
by the jury with the possible exception of his apparent position that he did not intend to kill the victim when he slashed his neck with his knife. The latter is an inference the jury is most certainly allowed to draw and it has nothing whatsoever to do with the defendant's legal claim here.
The final claim that the court "committed reversible error" is that the court accepted inconsistent verdicts and in denying his request that the jury continue deliberating after they had unanimously found the defendant guilty of murder as an accessory and not guilty of conspiracy to commit murder. The gravamen of the defendant's claim here seems to be that it is inconsistent for a jury to find a person guilty of murder and not guilty of CT Page 427 conspiracy to commit it.
First, our law allows inconsistent verdicts in such situations making allowance for jury compromise. However, this court can perceive no inconsistencies in this jury's verdicts. Apparently, they believed the defendant that he, along with Jose Colon, stabbed the victim to death, but that he hadn't planned in advance to do so.
The jury did not find that the state had proved the defendant guilty beyond a reasonable doubt of conspiracy to commit murder. That is not to say that they did not find that he did conspire to commit conduct which, in ensuing events, eventually led to the murder of the victim.
The jury merely found that the defendant, at a later point in time, in that abandoned clubhouse, while being possessed of his open knife, assisted Jose Colon in the murder of the victim with the intent to assist Jose Colon to commit that murder.
A new trial is not required here in the interests of justice. The verdicts were just. There was no error by reason of which the defendant is constitutionally entitled to a new trial nor any other error which was materially injurious to the defendant.
Accordingly, the motion for a new trial is denied.
2.) MOTION FOR JUDGMENT OF ACQUITTAL
In this motion the defendant claims two grounds.
First, the defendant alleges, without any factual or legal support, that this jury's verdicts constituted a "manifest injustice", that is "so plain and palpable as already to donote" that the jury was mistaken in the law or is suspected of being "inflamed by . . . prejudice, corruption or partiality." These allegations are baseless and totally unsupportable. The defendant then goes on to say that the jury's rendering of its "verdicts was so unreasonable as to suggest that it was the product of such improper influences." This claim, simply put, is far flung.
Second, the defendant alleges that the jury had insufficient affirmative evidence to infer beyond a reasonable doubt that the defendant had both the intent to murder the victim and the intent CT Page 428 to aid in that murder. Recalling that the defendant himself testified that he accompanied the victim to the dark and abandoned clubhouse with Jose Colon; that he had his knife in his pocket; that his knife became opened; that he cut or slashed the victim in his neck; it is fairly easy to ascertain that his testimony alone would reasonably permit a finding of guilty beyond a reasonable doubt. Our Supreme Court has recently visited this issue in State v. Edwards, 247 Conn. 318, 322 (1998) where, citing State v. Holley, 174 Conn. 22, 26 (1997) it stated that "We have stated that [o]ne who uses a deadly weapon upon a vital part of another will be deemed to have intended the probable result of that act, and from such a circumstance a proper inference may be drawn in some cases that there was an intent to kill. . . ."
In fact, the defendant's testimony to the jury concerning events after the murder are also damning evidentially. The defendant testified that he planned to meet Jose Colon at the defendant's girlfriend's house after the murder where Colon relieved himself of his blood, clothes, showered and was given the clean clothes of the defendant to wear by the defendant.
The motion for judgment of acquittal is, accordingly, denied.
3) MOTION IN ARREST OF JUDGMENT
In this motion the defendant initially makes claims under the common law and the law of the State of New Hampshire which, while interesting, are not applicable to this case or the law of the State of Connecticut. They are, accordingly, rejected.
In this motion the defendant again assails what he views as inconsistent verdicts. He avers that "it is not logically or factually possible under the facts of this case for the defendant to intentionally and knowingly aided another (Jose Colon) to commit murder without at some point before the murder is accomplished also engage in an argument with Colon to have Colon cause the death of victim."
The court refers back to its analysis under 2) Motion for Judgment of Acquittal.
It was clear that the conspiracy charged by the State occurred well before the meeting at the abandoned clubhouse. The State attempted to show that both defendants were together when CT Page 429 Colon armed himself with the sword; that there were words spoken about going on a "mission" (not admitted into evidence) and that they both left together to "lure" the victim to the clubhouse to murder him. The State's attempt to prove such a conspiracy obviously failed. This did not, however, preclude the jury from finding that when both defendants drew their respective weapons in the abandoned clubhouse and cut and slashed the body of the victim in excess of 125 times that they, by their actions alone, had then agreed to cause the death of the victim, and assisted each other in that endeavor.
Accordingly, the court rejects the defendant's claim that the record is "important, repugnant or vicious." To the contrary, and under Connecticut law, the court finds that the information charged an offense and that the court had jurisdiction of the offense charge.
The Motion in Arrest of Judgment is denied.
By the Court,
GILL, J.